**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4881**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ROMMEL ERNESTO DUARTE-JUAREZ,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.   J. Michelle Childs, District Judge.  (6:13-cr-00278-JMC-1)

───────────

Submitted:  April 17, 2014      Decided:  April 21, 2014

───────────

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rommel Ernesto Duarte-Juarez pled guilty without a plea agreement to one count of assaulting, resisting or impeding certain officers or employees, in violation of 18 U.S.C. § 111 (2012), and was sentenced to seventy-eight months in prison. Duarte-Juarez's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court plainly erred when it imposed Duarte-Juarez's sentence. Duarte-Juarez has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51; United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir.

2

2010).  If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, the district court properly calculated Duarte-Juarez's Guidelines range, denied the Government's motion for a downward variant sentence, treated the Guidelines as advisory, and considered the applicable § 3553(a) factors.  Moreover, the record establishes that the district court based Duarte-Juarez's sentence on its "individualized assessment" of the facts of the case.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  Accordingly, we conclude that Duarte-Juarez's sentence is procedurally reasonable.  Thus, in the absence of any evidence or argument suggesting that the sentence is substantively unreasonable, we presume on appeal that Duarte-Juarez's sentence is reasonable.  See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Duarte-Juarez, in writing, of the

3

right to petition the Supreme Court of the United States for further review. If Duarte-Juarez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Duarte-Juarez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED